UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY M. ARP,

       Plaintiff,                                  Case No. 17-cv-13501
                                                    Hon. Matthew F. Leitman

v.

CITY OF ROMULUS, *et al.*,

       Defendants.
_____/

**ORDER DENYING MOTION TO RESTRAIN DEFENDANT
FROM FURTHER HARASSMENT VIA INVESTIGATION,
SUBPOENA, AND REQUESTS FOR INFORMATION (ECF #6)**

In this action, Plaintiff Tiffany M. Arp complains that Hussein Farhat, an officer with the City of Romulus Police Department, engaged in unlawful investigative tactics that violated her rights under the federal Constitution, the State of Michigan Constitution, and Michigan common law. (*See* Compl. ECF #1 at Pg. ID 10-24.) Arp asserts claims against Farhat, the City of Romulus, and the City of Romulus Police Department.

In the motion now before the Court, Arp seeks entry of an order restraining the Defendants from making "requests for information about Ms. Arp without a

1

proper showing of probable cause or reasonable grounds to do so…." (Mot., ECF #6 at Pg. ID 90.) The motion is **DENIED**.[1]

In this Circuit, a district court must apply the following four-part test when determining whether to grant a preliminary injunction or a temporary restraining order:

> (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Nat'l Hockey League Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 717 (6th Cir. 2003).[2]

Arp, who is represented by counsel, does not acknowledge or attempt to apply this test in her motion and supporting brief. In fact, the brief filed in support of the motion provides, in its entirety: "Plaintiff relies on MCR 3.310(A) and (B) and Fed.R.Civ.P 65(a) and (b) as support for the relief requested herein." (ECF #6 at Pg. ID. 90.)

---

[1] The Court originally scheduled this motion for a hearing but has decided that the motion may appropriately be resolved without a hearing. *See* L.R. 7.1(f).

[2] "The factors to be weighed before issuing a [temporary restraining order] are the same as those considered for issuing a preliminary injunction." *Monaghan v. Sebelius*, 916 F. Supp. 2d 802, 807 (E.D. Mich. 2012) (citing *Workman v. Bredesen*, 486 F.3d 896, 904-05 (6th Cir. 2007)).

Arp first addresses the relevant factors in her reply brief. And in that brief, she does not cite a single case in support of her arguments that she has satisfied the final three factors of the test for injunctive relief. Arp has not carried her "heavy" burden of showing that she is entitled to the "extraordinary remedy" of a preliminary injunction or temporary restraining order. *Cox v. Jackson*, 579 F. Supp. 2d 831, 853 (E.D. Mich. 2008). While Arp has not made a sufficient showing on any of the factors in the four-part test, her arguments on the irreparable harm element of the test fall especially short.

As this Court has explained, "[t]he threat of irreparable harm is a sine qua non for granting preliminary injunctive relief." *Id.* Arp has not demonstrated that she faces such harm absent an injunction or restraining order. Her irreparable harm argument, in its entirety, is as follows:

> [W]hether Defendant can demonstrate irreparable injury is not difficult. Plaintiff's children were at school and she had to scramble to find someone to pick them up while trying not to state she had been arrested. Plaintiff's image, reputation, and standing in the community is now shattered as numerous neighbors watched as Defendants handcuffed Plaintiff, put her in the police car, and drove her off to jail. The emotional injury alone to Plaintiff of these events has scarred her for life having been ripped out of her home and taken to jail as a criminal.

(Reply to Mot., ECF #13 at Pg. ID 181.)

This is merely a description of Arp's alleged injuries; it is not an explanation as to how they are irreparable. And Arp has not attempted to show why money damages would not be an appropriate remedy for the alleged injuries she describes. *See SEIU Health Care Michigan v. Snyder*, 875 F. Supp. 2d 710, 723 (E.D. Mich. 2012) (explaining that an injury is not irreparable where money damages are an adequate remedy). Moreover, Arp's description of her injuries is entirely backward-looking. Arp does not attempt to show that she faces a serious and imminent risk of similar injuries going forward. She has not demonstrated that she faces a "threat" of future harm. *Cox*, 579 F.Supp.2d at 853. Because Arp has failed to show that she faces a real and imminent threat of irreparable harm, she is not entitled to a preliminary injunction or a temporary restraining order.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Restrain Defendant From Further Harassment Via Investigation, Subpoena, and Requests for Information is **DENIED**.

Dated: February 12, 2018

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764