UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY M. ARP,

       Plaintiff,                                Case No. 17-cv-13501
                                             Hon. Matthew F. Leitman
v.

CITY OF ROMULUS, *et al.*,

       Defendants.

_____/

## ORDER DENYING MOTION FOR FINAL POSSESSION PENDING JUDGMENT ON PLAINTIFF'S CLAIM AND DELIVERY CAUSE OF ACTION (ECF #5)

In this action, Plaintiff Tiffany M. Arp alleges that Hussein Farhat, an officer with the City of Romulus Police Department, unlawfully seized (1) some of her personal property, including her cellular telephone, and (2) a sample of her DNA. (*See* Compl. at ¶¶ 59-64, ECF #1 at Pg. ID 19.) Arp has filed a "Motion for Possession Pending Judgment on Plaintiff's Claim and Delivery Cause of Action." (*See* Mot., ECF #5.) In the motion, Arp also complains that, in addition to unlawfully obtaining the cellular phone and DNA sample, Farhat may have unlawfully obtained evidence from her social media accounts and cellular phone records. (*See id.* at Pg. ID 82.) The motion requests entry of an order compelling the Defendants to return or destroy the property that they are alleged to have improperly obtained. (*See id.*) The motion is **DENIED**.[1]

---

[1] The Court originally scheduled this motion for a hearing but has decided that the motion may appropriately be resolved without a hearing. *See* L.R. 7.1(f).

1

Arp has failed to demonstrate that prior to the entry of judgment she is entitled to the return of the property and/or to entry of an order requiring Defendants to destroy it. Arp does not cite any legal authority in her motion. The brief she filed in support of the motion provides, in its entirety: "Plaintiff relies on her allegations listed in Count V of her Complaint for Claim and Delivery pursuant to MCL 600.2920 and MCR 3.105." (*Id.*) Neither the statute nor the Michigan Court Rule cited in Arp's brief support her claimed right to possession pending entry of final judgment.

The statute simply creates a cause of action for claim and delivery. *See* Mich. Comp. Laws § 600.2920. It says nothing about the procedures to be employed in adjudicating such a claim and, more importantly, says nothing about a plaintiff's right to possession pending entry of final judgment. *See id.*

The Michigan Court Rule does establish a procedure through which a plaintiff may seek the return of property pending final judgment, but Arp has not even attempted to satisfy the rule's test for pre-judgment return. The rule provides in relevant part:

> **(C) Complaint; Joinder of Claims; Interim Payments.** A claim and delivery complaint must:
>
> (1) specifically describe the property claimed;
> (2) state the value of the property claimed (which will be used only to set the amount of bond and not as an admission of value);
>
> * * *
>
> **(E) Possession Pending Final Judgment.**
>
> (1) *Motion for Possession Pending Final Judgment.* After the complaint is filed, the plaintiff may file a verified motion requesting possession pending final judgment. *The motion must*

2

> (a) describe the property to be seized, and
>
> (b) *state sufficient facts to show that the property described will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before final judgment unless the property is taken into custody by court order.*
>
> \* \* \*

MCR 3.105 (emphasis added). As the highlighted text makes clear, the rule "requires a showing that the property *will* be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value." *Vehicle Dev., Corp. PTY, LLD v. Livernois Vehicle Dev., LLC*, No. CIV. 13-14090, 2013 WL 6196965, at \*3 (E.D. Mich. Nov. 27, 2013) (emphasis in original). Arp does not address this required showing in her Complaint, motion, or brief. None of those filings say anything about damage, concealment, disposal, or impairment of the value of the property in question.[2] Thus, Arp has not demonstrated

---

[2] Arp initially filed this action in state court, and the Defendants removed the action to this Court. (*See* Notice of Removal, ECF #1.) Prior to removal, Arp filed in the state court a motion for an order of possession pending entry of final judgment. In that motion, Arp asserted that the property was at risk absent an award of possession because the Defendants "intend[ed] to improperly use the items taken…." (State Court Mot., ECF #1 at Pg. ID 30.) This conclusory assertion – unsupported by any evidence or details and not made in any of the submissions to this Court – is not sufficient to demonstrate a risk to the property absent an order of possession pending final judgment. Moreover, it strikes the Court as unlikely that the Romulus Police Department intends to "use" a cellular phone seized as part of a criminal investigation.

that she has a right to possession of the property pending the entry of final judgment (nor that she has a right to an evidentiary hearing on her motion for such judgment).[3]

Accordingly, **IT IS HEREBY ORDERED** that Arp's motion for possession and/or destruction of the proper pending the entry of final judgment is **DENIED**.[4]

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 13, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764

---

[3] Arp has not made any effort to demonstrate how MCR 3.105 – a state-court procedural rule – applies in federal court proceedings. For purposes of this motion, the Court assumes without deciding that the state rule could apply in these proceedings by operation of Rule 64(a) of the Federal Rules of Civil Procedure. That rule provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provide for seizing a person or property to secure satisfaction of the potential judgment." *See Auramet Int'l, LLC v. Metals*, No. 16-CV-11177, 2016 WL 4087234, at *4 (E.D. Mich. Aug. 2, 2016) (applying MCR 3.105 by operation of Rule 64(a)).

[4] The Defendants have offered to destroy Arp's DNA sample and to return Arp's cellular telephone so long as the Court orders Arp's counsel to retain the phone and to refrain from deleting any data on the phone. The Defendants are certainly free to return the phone and destroy the DNA if they wish to do so, but the Court will not order them to do so because Arp has not established that she is entitled to that relief. The parties remain free to enter into and present to the Court a mutually-agreeable proposed stipulated order addressing the pre-judgment possession and handling of the phone.